OPINION
{¶ 1} Appellant, Herschel McCaleb, Sr., appeals a decision of the Butler County Court of Common Pleas, Juvenile Division, denying his request for unsupervised visitation with his son. We affirm the decision of the trial court.
 {¶ 2} Appellant is the 66-year-old father of two-year-old Herschel McCaleb, Jr. He is a convicted sex offender, having molested his daughter, Laura, over a span of more than ten years. He also has a history of committing acts of domestic violence. When Laura was sentenced to a jail term, she left her two daughters in the care of appellant and his girlfriend, the mother of appellant's son, Herschel, Jr. All of the children were removed by Butler County Children's Services Board when it was discovered that they were in the care of appellant, a sexual offender, and that the children's mothers were otherwise unable to adequately care for the children.
 {¶ 3} As a result, appellant was granted supervised visitation with his son. At a September 2002 review hearing, appellant sought to have unsupervised visits with his son. The trial court denied the request and ordered instead that appellant's visits continue to be supervised. He appeals, raising the following assignment of error:
 {¶ 4} "THE TRIAL COURT'S DECISION REQUIRING SUPERVISED VISITATION IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."
 {¶ 5} While appellant contends that this court should review the trial court's decision using a "clear and convincing" standard, we note that appellate review of a trial court's decision whether to modify visitation is reviewed under an "abuse of discretion standard." In reLane, Washington App. No. 02CA61, 2003-Ohio-3755, at ¶ 15; In reDestiny Allen, Butler App. No. CA2002-10-238, 2003-Ohio-2548, ¶ 10.
 {¶ 6} When ruling on a motion to modify visitation, a trial court must determine whether the modification is in the child's best interest.Allen at ¶ 10, citing Braatz v. Braatz, 85 Ohio St.3d 40,1999-Ohio-203, paragraph one of the syllabus; In re DeCara, Portage App. No. 2001-P-0088, 2002-Ohio-6584. In determining whether a modification is in the child's best interest, the court is guided by the factors in R.C.3109.051(D). The trial court has broad discretion regarding the modification of parental visitation rights. Davis v. Flickinger,77 Ohio St.3d 415, 418, 1997-Ohio-260. Thus, absent an abuse of that discretion, this court will not reverse the trial court's decision. Id. More than an error in law or judgment, an abuse of discretion implies that the trial court's decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 7} The crux of appellant's argument is that he should have been granted unsupervised visitation because evaluations by two court-appointed psychologists concluded that appellant posed little physical or sexual threat to his son. For this reason, both psychologists stated that appellant could be permitted unsupervised visitation with the child.
 {¶ 8} The trial court acknowledged the psychologists' conclusions, but found other factors relevant in continuing the supervised visitation. In addition to noting that appellant still posed a risk of emotional harm to his son, the trial court found that appellant exhibited a complete lack of understanding of appropriate care for a young child.
 {¶ 9} Our review of the record confirms the trial court's conclusion. The report of psychologist Dr. Hopes indicates that appellant exhibits a callous disregard for the rights and needs of others, is violent, and presents a continuing danger to females of all ages. Dr. Hopes was particularly concerned that appellant failed to understand the repugnant nature of his sexual molestation of his daughter, and instead lays blame on her for the sexual and violent nature of their relationship. While concluding that appellant would not likely be a physical or sexual danger to his son, Dr. Hopes further concluded that he is a very poor role model for any child. Dr. Hopes made no conclusion with regard to Herschel's best interest.
 {¶ 10} Similarly, while psychologist Dr. Sarris concluded that appellant posed little physical or sexual threat to his son, Dr. Sarris made no conclusion that granting unsupervised visits would be in Herschel Jr.'s best interest. Rather, the focus of Dr. Sarris' comments were on the potential physical threat that appellant would pose if left alone with his son.
 {¶ 11} Having thoroughly reviewed the record, we find little evidence to support the contention that granting appellant unsupervised visitation would be in Herschel's best interest. Rather, the record supports the trial court's conclusion that appellant lacks the skills necessary to independently parent the child. The trial court appropriately considered the factors weighing in Herschel's best interest, and its denial of appellant's request for unsupervised visitation was not an abuse of discretion. Accordingly, the assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and YOUNG, J., concur.